IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) DOCKET NO.: 3:22CR163-RJC |
| TAWAAN BATTEN | ) |
| | ) |
| | ) |

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR DISCLOSURE OF THE CODEFENDANT'S PSR AND OTHER INFORMATION**

Defendant asks this Court to disclose the contents of sealed documents, namely, his codefendant's Presentence Investigation Report ("PSR") and motions and orders for bond, to him before his sentencing. "The adversary system does not permit either party to 'engage in groundless fishing expeditions, with the district courts as their unwitting (and perhaps unwilling) agents.'" *United States v. Trevino*, 89 F.3d 187, 192 (4th Cir. 1996) (quoting *United States v. Zolin*, 491 U.S. 554, 571 (1989)). A defendant must show how the information in the codefendant's PSR will be material and favorable to his defense in order to be entitled to its disclosure. *United States v. Stout*, 71 F. App'x 979, 983 (4th Cir. 2003) (unpublished).

The Government has complied, and will continue to comply, with all discovery obligations as required, including the Supreme Court mandates in *Brady* and *Giglio*, Rule 16 of the Federal Rules of Criminal Procedure, and this district's Standard Criminal Discovery Order. The Government will not be calling codefendant King as a witness at Batten's sentencing and therefore there will be no further testimony to impeach. Regardless, Defendant is already in possession of King's criminal history (including her charges and convictions), plea agreement, and factual basis as the Government provided them to Defendant before his trial. Her PSR did not exist at the time

1

of Batten's trial, and the Government does not believe the requested sealed documents contain additional information that Defendant is entitled to receive.

Additionally, Defendant renews his motion for disclosure of items that he moved to compel the production of before trial, (Doc. No. 85), which was found moot by the Court. (Dkt. Entry December 12, 2023). Because the Court has previously ruled on this request and Defendant has failed to raise any compelling new arguments, the Government submits that the Court should deny the motion.

Respectfully submitted this 17th day of January, 2025.

DENA J. KING
UNITED STATES ATTORNEY

**s/ Stephanie L. Spaugh**
Assistant United States Attorney
NC Bar Number: 47877
Attorney for the United States
United States Attorney's Office
227 West Trade Street, Suite 1650
Charlotte, North Carolina 28202
Telephone: 704.338.3113
Stephanie.spaugh@usdoj.gov

## CERTIFICATION

Pursuant to the Standing Order of this Court entered June 18, 2024, and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard online legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 17th day of January, 2025.

                                                **s/ Stephanie L. Spaugh**
                                                Assistant United States Attorney