IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No.: 3:22-CR-163-RJC-DCK |
| KRISTI HEATHER KING, and<br>TAWAAN BATTEN, | |
| Defendants. | |

### REPLY TO GOVERNMENT'S RESPOSE TO MOTION FOR DISCLOSURE OF CO-DEFENDANT KING'S PSR AND OTHER CONSTITUTIONALLY REQUIRED INFORMATON

Now Comes the defendant, Tawaan Batten (Mr. Batten), by and through undersigned Counsel, and replies to the Government's Motion for Disclosure of co-defendant King's PSR and other information. The Government's failure to address the *Brady*/*Giglio* concerns specifically identified in Mr. Batten's motion raises questions as to the Government's understanding of its responsibilities. And its superficial response is insufficient to overcome Mr. Batten's justification for the constitutionally required disclosures set out in his motion.

In response to Mr. Batten's request that the Court conduct an *in camera* review of King's PSR and ultimately provide the document to his attorneys, the Government simply says that King's PSR "did not exist at the time of Batten's trial." But that statement fails to appreciate that both *Brady* and *Giglio* are applicable to the punishment phase of the case. *See Brady v. Maryland*, 373 U.S.

83, 87 (1963) ("[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt *or to punishment*, irrespective of the good faith or bad faith of the prosecution) (emphasis added).  *See also  Basden v. Lee*,  290 F.3d 602, 611 (4th Cir. 2002) (finding state argument that *Brady* did not apply to sentencing hearings "meritless.").

The Government also says that it does not intend to call King as a witness at the sentencing hearing and, therefore, "there will be no further testimony to impeach."  But that ignores the fact that Mr. Batten is entitled to call King as an adverse witness during the sentencing hearing and will be entitled to use the PSR to impeach her testimony.  *See* Rule 611(c)(2), Fed. R. Evid.

But most disturbing of all is the Government's statement that "it does not believe the requested sealed documents contain additional information that Defendant is entitled to receive."  The Government has, necessarily, had access to King's PSR and the other sealed documents and knows precisely what is in them.  Without having seen the report, Mr. Batten has identified eight separate sections of the PSR that probably contain *Giglio* material if not *Brady* information.  *See Motion for Disclosure*, pp. 12-16.

For example, the "Impact of the Plea Agreement" section of the PSR will explain in detail the effects that King's sweetheart deal with the Government has on what should have been her Sentencing Guidelines range.  At this juncture, Mr. Batten is only aware that King's statutory sentence has been reduced from a mandatory minimum of ten years

with sentencing maximum of life in prison to a cap of five years with no mandatory minimum sentence required. But he has no information on what the Probation Officer has recommended as King's Sentencing Guidelines range or whether the Government has challenged any part of King's PSR.

Or more importantly, how the recommended sentencing range differs from what it would have been had King been required to plead to one of the charges in the Superseding Indictment. The Government's "belie[ff] that this section of King's PSR does not contain information to which Mr. Batten is entitled is troubling and raises the question of whether the Government fully understands it constitutional obligations to disclose "material evidence favorable to the accused." *See United States v. Baagley*, 473 U.S. 667, 682 (1985).

In any event, the Government has completely misread the teaching of the Fourth Circuit's decisions in *United States v. Trevino*, , 89 F.3d 187 (4th Cir. 1996) and *United States v. Figurski*, 545 F.2d 389 (4th Cir. 1976). The Government quotes the dicta in *Trevino*, which talks about fishing expeditions, but ignores the holding of the case.

All that *Trevino* requires to trigger the obligation of the district court to review a co-defendant's PSR is a "plausible showing" that the PSR may contain favorable evidence material to the guilt or punishment of a defendant. "Once the accused has made a plausible showing that the evidence would be both material and favorable, the trial court *must* review the information *in camera* to ascertain its

true nature and determine whether it must be disclosed." 89 F.3d at 190 (emphasis added)

*Figurski* requires even less. Under *Figurski* a request for an examination of King's PSR for potential *Brady* or *Giglio* information is sufficient to require an *in camera* review by the district court. 545 F.2d at 392. Mr. Batten has made the request which is sufficient to require an *in camera* review by the district court under *Figurski*.

Similarly, Mr. Batten has reason to believe that the sealed motions for bond for King contain *Giglio* if not *Brady* evidence that could be used by the defense to obtain a lower sentence than that recommended by the Probation Officer for Mr. Batten.

For example, if the Government joined in the motion for King's release, that fact alone constitutes *Giglio* information. This is true especially because in July and August of 2022, the Government adamantly and forcefully opposed a bond for King.

Did the Government change its position on a bond for King to sweeten the deal that was already so sweet it makes your teeth hurt. Or did they agree to a bond because that was one of the conditions set by King in return for her testimony against Mr. Batten. Regardless of the reason the Government's change of position constitutes *Giglio* material.

And while that information may be material to the sentence this Court imposes, it may also be significant to the appeal of his conviction and sentence Mr. Batten intends to file with the Fourth Circuit Court of Appeals.

Mr. Batten has provided more than a sufficient showing to require an *in camera* review of King's PSR under both *Figurski* and *Trevino*. The test for whether the information should be disclosed to the defense remains the same: that information must be disclosed if it is favorable and material to the outcome of the proceeding. *Bagley*, *supra* 373 U.S. at 682.

And that consideration should be made with a recognition of the different roles the judge and the defense attorney play in an adversarial system of justice: "The determination of what may be useful to the defense can properly and effectively be made only by an advocate. The trial judge's function in this respect is limited to deciding whether a case has been made for production, and to supervise the process." *Dennis v. United States*, 384 U.S. 855, 874-875 (1966).

For the reasons stated herein, the Government's view of its obligations under *Brady* and *Giglio* appears to be shortsighted. Mr. Batten is entitled to have this Court review King's PSR, as well as the other sealed documents, to determine whether they contain *Brady* and *Giglio* information. And Mr. Batten is confident that disclosable information will be found in each of those documents. .

Page **5** of **7**

Case 3:22-cr-00163-RJC-DCK     Document 124     Filed 01/20/25     Page 5 of 7

Therefore, contrary to the Government's argument, King's PSR and the other sealed documents should be disclosed in their entirety to counsel for Mr. Batten. And the Court should require the Government to make available each of the other items requested in Mr. Batten's Motion for disclosure.

Respectfully submitted, this 20th day of January 2025.

/s John J. Dowling III.
John J. Dowling III.
NC Bar No. 57517
DOWLING DEFENSE GROUP LLC
101 N. McDowell St, Suite 200
Charlotte, North Carolina 28204
Ph: 631-574-7905
E: john@dowlingdefensegroup.com

/s David A. Brown, Sr.
David A. Brown, Sr.
NC Bar No. 48997
DABROWNLAW LLC
360 Rosemore Place
Rock Hill, SC 29732
Ph: (704) 654-9418
E: dabrownsr79@gmail.com

*Attorneys for Defendant Tawaan Batten*

## CERTIFICATE OF SERVICE

I hereby certify that I have electronically filed the foregoing Motion to Continue the trial of this case on this 20th day of January 2023 with the Clerk of Court by using the CM/ECF system, which will send notification of such filing to all parties to the case.

/s/ David A. Brown, Sr.
David A. Brown
N.C. Bar No. 48997